Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREN LEE SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE BANK (USA),<br><br>　　　　Defendant. | Case No. 3:21-cv-05867-RSL<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**NOTED FOR CONSIDERATION:**<br>**July 22, 2022**<br><br>Complaint Filed:　December 13, 2021 |

Defendant Capital One Bank (USA), N.A. ("Capital One") hereby submits this Motion to Dismiss ("Motion") the Complaint filed by plaintiff Darren Lee Smith ("Plaintiff").

## I.　INTRODUCTION

This is Plaintiff's second attempt to litigate the same claims before this Court. The Complaint filed in the instant action, like the amended complaint filed and dismissed without leave to amend in Plaintiff's previously filed action, seeks $1,800,000 based on

MOTION TO DISMISS - 1
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

claims that Capital One violated the FCRA by reporting debts of $5.28 and $1.00. As set forth in greater detail below, Plaintiff's Complaint fails as a matter of law and should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) because: (1) to the extent that Plaintiff asserts a claim against Capital One for "failing to assure maximum possible accuracy" under the Fair Credit Reporting Act ("FCRA"), there is no such private right of action against furnishers of information; and (2) Plaintiff's Complaint fails to plausibly allege that Capital One furnished inaccurate information to the credit reporting agencies, or failed to conduct a reasonable investigation when notified of the dispute. As a result, and given that this is Plaintiff's second action filed against Capital One using the same legal theories, Capital One respectfully requests that the Complaint be dismissed with prejudice and without further leave to amend.

## II. PROCEDURAL POSTURE

On March 11, 2021, Plaintiff filed a complaint against Capital One[1] in an action styled *Darren Lee Smith v. Capital One Financial Corporation*, Case No. 21-cv-05151-RSL (the "First Action"). That complaint failed to give Capital One fair notice of what it supposedly did wrong or raise a plausible inference of liability. (*See generally* Complaint, First Action Docket ("Dkt.") #6.) As a result, on June 11, 2021, Capital One filed a motion to dismiss Plaintiff's initial complaint filed in the First Action. (*See generally* Motion to Dismiss, First Action Dkt. #18.)

On July 19, 2021, the Court granted Capital One's motion to dismiss and gave Plaintiff thirty (30) days to file an amended complaint. (*See* Order Dismissing Claims, Granting Leave to Amend, and Denying Appointment of Counsel entered on July 19, 2021 (the "July 19 Order"), First Action Dkt. #24.) In its July 19 Order, the Court expressly noted that "at most, [P]laintiff has alleged that he disputed items reported to

---

[1] Capital One was named in the original complaint filed in the First Action as "Capital One Financial Corporation," but later named in the amended complaint filed in the First Action as "Capital One Bank (USA)" and has been named "Capital One Bank (USA)" in the instant action.

MOTION TO DISMISS - 2
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

1  one or more credit reporting agencies and that his credit score decreased in the fall of
2  2020. What wrongful conduct defendant is supposed to have engaged in is not stated."
3  (July 19 Order, p. 2:19-22.)
4        On August 16, 2021, Plaintiff filed an amended complaint in the First Action,
5  which sought $1,800,000 for "false reporting, credit damage, negligent FCRA violations,
6  actual damages, paint and suffering, mental and emotional anguish, emotional distress,
7  punitive damages, willful negligence, erroneous credit reporting to credit bureau" and
8  identified 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o), provisions of the FCRA, as the
9  federal statutes "at issue." (*See generally* Amended Complaint ("Amd. Complt."), First
10 Action Dkt. #25.) The amended complaint filed in the First Action alleged that, on
11 October 27, 2020, Plaintiff "made a purchase and payment after [his] due date" and
12 "Capital One reported it as a debt to Experian and as a result, [Plaintiff's] credit report
13 decreased by 25 points." (Amd. Complt., p. 6.) Then, on November 20, 2020, "Capital
14 One reported an on time payment of $1.00 as a debt to Experian" which allegedly caused
15 Plaintiff's credit score to decrease by 21 points. (*Id*.) Plaintiff then alleged that he
16 exchanged communications with Capital One between October and November 2020 to
17 resolve whatever issue he disputed, but that Capital One would keep him on the phone for
18 long periods of time and transfer him from person to person and, allegedly, at some point,
19 a Capital One manager yelled at him. (*Id*. at p. 5.) As alleged, in December 2020,
20 Capital One then sent "comments/remarks" to credit reporting agencies ("CRAs") which
21 further lowered Plaintiff's credit score. (*Id*.)
22       On August 30, 2021, Capital One filed a motion to dismiss the amended
23 complaint, which established that the amended pleading (as with the original complaint)
24 failed to provide the facts necessary to sufficiently state a cause of action arising under
25 the FCRA or any other claim Plaintiff may have been attempting to allege. (Motion to
26 Dismiss, First Action Dkt. #26.)

MOTION TO DISMISS - 3
(Case No. 3:21-cv-05867-RSL)

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

1       On August 31, 2021, Plaintiff filed a "Motion and Reply In Opposition"
2 ("Opposition") to the Motion. (Opposition ("Opp."), First Action Dkt. # 27.) The
3 Opposition argued that Plaintiff had already provided "graphs, charts, verbatim records,
4 transcripts, with this information showing Capital Ones name and what they did," and
5 further offered that Plaintiff disagreed with Capital One's Motion because "as the
6 Plaintiff explained, the reporting was done within the due dates, instead of after the due
7 date and the billing cycle, as well as negative remarks left to the bureaus." (*Id*. at p. 2.)
8 The Opposition also stated that "[t]here are Capital One payment dates, which coincide
9 with the same day and month my credit score dropped, this is confirmed by fact, as the
10 debt is shown on the credit bureaus as a debt of 1 dollar and 5 dollar for multiple months,
11 is the same as the amount paid to Capital One that same month." (*Id*. at p. 1.)
12       On September 3, 2021, Plaintiff filed "Supporting Evidence" to further oppose the
13 Motion. (Supporting Evidence ("Supp. Evid."), First Action Dkt. #30.) The Supporting
14 Evidence was comprised of a paragraph indicating that Plaintiff filed disputes with "the
15 CFPB, THE AG of WA, and now, Experian as well" and excerpted pages from what
16 appears to be an Experian credit report. (*Id*.) Notably, the excerpted pages of the credit
17 report indicated that the Capital One account was reflected as "open/never late" and
18 appeared under the "Your account in good standing" heading. (*Id*. at p. 6.)
19       On September 21, 2021, Plaintiff e-mailed Capital One's counsel a "Supplement
20 in Support of the Motion in Opposition to the Defendant[']s Motion to Dismiss" and a
21 "Supplement for 'Statement of Claim' of Plaintiff's Complaint" that were identical.
22 (Supplement in Support of the Motion in Opposition to the Defendant's Motion to
23 Dismiss, First Action Dkt. #32; Supplement for "Statement of Claim," First Action Dkt.
24 #33 (together, the "Supplemental Filings").) The Supplemental Filings set forth 13
25 numbered paragraphs, most of which described the same damages alleged in the
26

MOTION TO DISMISS - 4
(Case No. 3:21-cv-05867-RSL)

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

1  Amended Complaint and other related filings. (*Id*.) The Supplemental Filings also

2  included the following allegation:

3      FALSE REPORTING: OCT 27th 2020 and November 20th

4      2020 Capital One falsely reported to Experian False debts, which lowered the Plaintiff[']s Credit score as well as

5      comments to Equifax and Transunion credit bureaus on December 28th 2020, which negatively effected the Plaintiff[']s

6      credit score.

7  (*Id*. at ¶¶ 1, 11.) On October 13, 2021, the Court granted Capital One's motion to dismiss

8  Plaintiff's amended complaint in the First Action and entered an order of dismissal,

9  finding that Plaintiff had not "provided sufficient factual allegations to raise the claim for

10 relief above a speculative level" (the "October 13 Order"). (Order of Dismissal entered

11 on October 13, 2021, First Action Dkt. #40, p. 5:1-2.) Specifically, the Court held that

12 "even if [P]laintiff's submissions (including those filed long after the complaint was

13 amended) are read together, they fail to plausibly allege that Capital One's reports to the

14 credit reporting agencies were, in fact, inaccurate (*see Carvalho v. Equifax Info. Servs.,*

15 *LLC*, 629 F.3d 876, 890 (9th Cir. 2010)) or that Capital One failed to conduct a

16 reasonable investigation when notified of the dispute (*Iyigun v. Cavalry Portfolio Servs.,*

17 *LLC*, 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013))." (*Id*. at p. 5:2-9.) Further, the

18 Court declined to give Plaintiff leave to amend in the First Action for a second time

19 because Plaintiff's submissions did not "suggest that there are any other facts that could

20 be pled that would save plaintiff's claims." (*Id*. at p. 5:16-18.)

21     Despite the foregoing, on November 30, 2021, Plaintiff commenced the instant

22 action by filing a Motion for Leave to Proceed in Forma Pauperis and a Notice of Related

23 Cases. (Dkt. #1-2.)

24     On December 13, 2021, the Motion for Leave to Proceed in Forma Pauperis was

25 granted, though the order noted that, "based on the allegations in the proposed complaint

26 and Plaintiff's previous dismissal of this same claim without prejudice, it is unclear if

MOTION TO DISMISS - 5
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

Plaintiff has adequately stated a claim" and recommended a review under 28 U.S.C. § 1915(e)(2)(B).  (Order Granting Application to Proceed in Forma Pauperis and Recommending Review, Dkt. #5.)  That same day, the Complaint was filed in the instant action.  (Dkt. #6.)

### III. FACTUAL SUMMARY

The Complaint filed in the instant action, like the Amended Complaint filed in the First Action, seeks $1,800,000 based on claims that Capital One violated the FCRA.  (*See generally* Complaint, Dkt. #6.)  Plaintiff alleges that Capital One negligently and willfully "violated FCRA by (1) failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Mr. Smith's credit report; [and] (2) failing to conduct a reasonable reinvestigation of disputed information in Mr. Smith's credit file *after he notified Capital One* of the disputed information." (*See* Complaint, Dkt. #6, pp. 7 and 11 (emphasis added).)

According to the allegations in the Complaint, on October 27, 2020 and November 20, 2020, "Capital One erroneously reported, in violation of FCRA 15 U.S.C. § 1681n Mr. Smiths on time payments to Experian as debts, which lowered the Plaintiffs credit score by 21 and 25 points." (*Id*. at p. 8.)  With respect to the allegedly erroneous reporting, Plaintiff alleges the following:

- Plaintiff "made a purchase and a payment on that purchase, of $5.28 from his Capital One platinum credit card, account # ending in 7060.  This payment was made before Mr. Smiths due date and within his billing cycle." (*Id*. at p.13.)
- "On October 27th 2020 the on time payment to Experian credit bureau was a debt with an unpaid balance of $5.28 and a credit score drop of 25 points." (*Id*.)
- "On November 20th 2020 another on time payment of $1.00 was sent as a debt to Experian, resulting in a credit drop of 21 points." (*Id*.)

MOTION TO DISMISS - 6
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

1  Plaintiff further alleges that he contacted Capital One by "e-mail, mail and phone in
2  attempt to resolve these issues," and filed two separate reports with the Consumer
3  Financial Protection Bureau. (*Id*. at pp. 13-14.) According to the Complaint, Plaintiff
4  also "filed an investigation" with Experian in October and, on December 28, 2020,
5  Capital One sent "comments/remarks" to Equifax and Transunion credit bureaus which
6  further lowered Plaintiff's credit score. (*Id*.)
7        Notably, Plaintiff also includes, as Exhibit A to the Complaint, a copy of what
8  appears to be an excerpt of a credit report from Experian, dated January 12, 2021, which
9  lists Plaintiff's Capital One account under the heading "Your accounts in good standing"
10 and includes a status of "open/never late." (*Id*. at p. 20.) This Exhibit A appears to be
11 identical to the attachment submitted in the First Action. (*See* Supp. Evid., First Action
12 Dkt. #30, p. 6.) In addition, Plaintiff's Complaint includes, as Exhibit B, a letter from
13 Capital One to Plaintiff explaining that Plaintiff's purchase of $5.28 had a transaction
14 date of October 17, 2020, that his statement period ended on October 19, 2020 and that
15 the $5.28 purchase was the only unpaid balance when the statement period ended. (*Id*. at
16 49.) The letter further explains that the payment of $5.38 was made after the statement
17 period ended and, therefore, was included in the next billing cycle. (*Id*.)

18           **IV.   LEGAL STANDARD**

19       As an initial matter, Plaintiff must fully comply with the Federal Rules of Civil
20 Procedure and the local rules of this Court despite his *pro se* status. *Copeland v. City of*
21 *Camas*, No. C19-5935-BHS-MLP, 2019 WL 7811332, at *1 (W.D. Wash. Dec. 6, 2019),
22 *report and recommendation adopted*, No. C19-5935 BHS, 2020 WL 488644 (W.D.
23 Wash. Jan. 30, 2020) ("Although Plaintiff's *pro se* pleadings are held to a less stringent
24 standard than formal pleadings drafted by lawyers, he still must meet the requirements of
25 the rules.").
26

MOTION TO DISMISS - 7
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a)(2) (emphasis added); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015). A complaint must provide fair notice to a defendant and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" as required by FRCP 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The allegations in the complaint must "nudge" a plaintiff's claims "across the line from conceivable to plausible" and allow the Court to infer "more than the mere possibility of misconduct." *Somers v. Apple, Inc.*, 729 F.3d 953, 966 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This plausibility standard requires that Plaintiff "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

The Court must accept all well-plead factual allegations as true, and must construe and draw all reasonable inferences from them in favor of the nonmoving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, in spite of the deference the Court is bound to pay to Plaintiff's allegations, it is not proper for the Court to assume that "the [Plaintiff] can prove facts which [he or she] has not alleged."

MOTION TO DISMISS - 8
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

1 *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation." *McCann v. Quality Loan Serv. Corp.*, 729 F. Supp. 2d 1238, 1240 (W.D. Wash. 2010) (citing *Aschcroft*, 556 U.S. at 678; and *Twombly*, 550 U.S. at 556). Indeed, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In other words, a Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

The case law on this standard is well established. *See, e.g.*, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-97 (9th Cir. 2014) ("Although a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable, plaintiffs must include sufficient factual enhancement to cross the line between possibility and plausibility.") (internal quotations and citations omitted); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (describing common principles of pleading derived from *Iqbal* and *Twombly* applying them to civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971-72 (9th Cir. 2009) ("The factual content contained within the complaint does not allow us to reasonably infer that the Agents ordered the relocation of Plaintiffs' demonstration because of its anti-Bush message, and it therefore fails to satisfy *Twombly* and *Iqbal*."). "It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability." *McCann*, 729 F. Supp. 2d at 1240 (citing *Iqbal*, 556 U.S. at 678; and *Twombly*, 550 U.S. at 557) (internal quotes omitted). "Rather, a claim has facial plausibility when the plaintiff pleads factual content that

MOTION TO DISMISS - 9
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

V. <b>ARGUMENT</b>

**A.   Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(6).**

Plaintiff alleges that Capital One negligently and willfully "violated FCRA by (1) failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Mr. Smith's credit report; [and] (2) failing to conduct a reasonable reinvestigation of disputed information in Mr. Smith's credit file *after he notified Capital One* of the disputed information." (*See* Complaint, Dkt. #6, pp. 7 and 11 (emphasis added).)  To the extent Plaintiff is, again, attempting to allege an FCRA violation for an FCRA provision other than § 1681s-2(b) – despite the Court's October 13 Order stating that "the only viable claim that could be asserted here is that Capital One failed to investigate after receiving notice of a dispute from the credit reporting agency" – there is no private of right action for such a claim against Capital One.  Furthermore, the Complaint filed in the instant action fails to allege any substantively new allegations from Plaintiff's previous amended complaint, which was dismissed for failing to plausibly allege that Capital One's reports to the credit reporting agencies were inaccurate or that Capital One failed to conduct a reasonable investigation when notified *by a credit reporting agency* of the dispute.  Thus, for the same reasons, Plaintiff's Complaint filed in the instant action should be dismissed.

**B.   Plaintiff's FCRA Claim Based On Capital One "Failing To Assure Maximum Possible Accuracy" Fails As A Matter Of Law.**

The FCRA is a comprehensive statutory scheme meant to regulate all aspects of credit reporting. *See generally* 15 U.S.C. § 1681 *et seq*.  The FCRA provides a private

MOTION TO DISMISS - 10
(Case No. 3:21-cv-05867-RSL)

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

right of action for consumers, for certain (but not all) violations of the statute, against credit report users, "furnishers" of information, and credit reporting agencies.  *See* 15 U.S.C. §§ 1681 *et seq*.  Here, Capital One is a "furnisher" of information under the FCRA because it provided information to credit reporting agencies about Plaintiff's account.  *See* 15 U.S.C. § 1681s-2.

While Plaintiff alleges that Capital One violated the FCRA "by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in [his] report," there is no private right of action under the FCRA against a furnisher of information, like Capital One, for such conduct.  *See generally* 15 U.S.C. § 1681 *et. seq*.  Rather, § 1681e(b) of the FCRA states that "[w]henever ***a consumer reporting agency*** prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e (b) (emphasis added).  Thus, to the extent Plaintiff is attempting to allege an FCRA claim against Capital One for failing "to assure maximum possible accuracy," the claim fails as a matter of law and should be dismissed.

**C.    Plaintiff's FCRA Claim Based On Capital One's Failure To Conduct A Reasonable Investigation Fails As A Matter Of Law.**

"To state a claim under §1681s-2(b) of the FCRA, a plaintiff must plausibly allege that '(1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E).'"  *Bell v. Nat'l Credit Servs.*, 2020 U.S. Dist. LEXIS 251899, at *9 (W.D. Wash. Oct. 14, 2020) (citing *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (granting motion to dismiss for lack of allegations demonstrating reported inaccuracy)).

MOTION TO DISMISS - 11
(Case No. 3:21-cv-05867-RSL)

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

        i.    <u>The Complaint fails to plausibly allege that the information Capital One furnished to the CRAs was inaccurate.</u>

In the Ninth Circuit, information is deemed inaccurate for the purposes of the FCRA where it either is patently incorrect or is misleading in such a way that it can be expected to adversely affect credit decisions. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). That the furnisher reported inaccurate information is a threshold, *necessary* requirement of this claim. *Id.*; *see also Littleton v. Experian Information Solutions, Inc.*, 2015 WL 4638308, at *2 (N.D. Cal., Aug. 4, 2015) (dismissing FCRA claim, finding unspecified allegations regarding misleading or inaccurate balances were insufficient for furnisher defendant to understand the basis for potential liability); *Manukyan v. Cach, LLC*, 2012 WL 6199938, *1, 3 (C.D. Cal. Dec. 11, 2012) (dismissing FCRA claim and noting that a conclusory allegation that a credit report contained a "derogatory status" was inadequate to plead the element of inaccurate reporting). Conclusory allegations of this nature are woefully insufficient to meet even Plaintiff's pleading burden for a credit reporting claim. *Flores v. GMAC Mortgage*, 2010 WL 582115, *5 (E.D. Cal. Feb. 10, 2010) (dismissing FCRA claim where plaintiffs did "not allege what information Defendants reported, to whom they reported the information, whether that information was inaccurate, or what they relied on . . .").

Plaintiff's Complaint, while ambiguous and unintelligible at times, appears to identify the information reported to the CRAs (an on-time payment as a debt with an unpaid balance of $5.28 and an on-time payment as a debt of $1.00) with a conclusory allegation that it is inaccurate. (*See* Complaint, Dkt. #6, pp. 7 and 13.) However, Plaintiff alleges that he made *a purchase* of $5.28 on his Capital One credit card account.

MOTION TO DISMISS - 12
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

(*Id*. at p. 13.)  In other words, prior to the alleged payment, Plaintiff had a balance of at least $5.28 on his Capital One credit card account.  Yet, Plaintiff does not allege the timing of when the $5.28 purchase was made (or the debt incurred), when Capital One's furnishing of the data (the debt of $5.28) took place and when the payment was made.  (*Id*.)  Further, while Plaintiff does not expressly allege that he made a $1.00 purchase prior to his "on time payment of $1.00," he does not dispute the need for a $1.00 payment – which suggests that there was indeed, a debt of $1.00.  Yet, again, Plaintiff does not allege the timing of when the $1.00 purchase was made (or the debt incurred), when Capital One's furnishing of the data took place and when the $1.00 payment was made. (Id.). Moreover, Plaintiff also includes, as Exhibit A to the Complaint, a copy of what appears to be an excerpt of a credit report from Experian, dated January 12, 2021, which lists Plaintiff's Capital One account under the heading "Your accounts in good standing" and includes a status of "open/never late."  (*Id*. at p. 20.)  Given these circumstances, the allegation that Capital One reported a debt of $5.28 and $1.00, coupled with a conclusory allegation that the information was inaccurate, is woefully insufficient.

    ii. <u>The Complaint fails to allege that Capital One failed to conduct a reasonable investigation when notified by a CRA of the dispute.</u>

  A plaintiff must allege facts that support a finding that the defendant acted unreasonably, and may not rest on conclusory allegations.  *See Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 945 (N.D. Cal. 2016) (holding that failure of allegations surrounding the dispute could not support a claim under Section 1681s-2(b)); *Iyigun*, 2013 WL 950947 at *1 (dismissing Section 1681s-2(b) claim on grounds that the complaint "does not include any allegations as to the impropriety of [the furnisher's] investigation or any factual basis for a contention that the investigation was defective"); *Berberyan v. Asset Acceptance, LLC*, 2013 WL 1136525, at *5 (C.D. Cal. 2013) ("conclusory allegation that defendant failed to conduct a proper investigation into the

MOTION TO DISMISS - 13
(Case No. 3:21-cv-05867-RSL)

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

1. validity of the debt it had reported . . . is insufficient to state a claim . . . ."). Whether a furnisher's investigation was reasonable depends on the information provided to it in connection with the dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) ("[W]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher . . .").

As an initial matter, Plaintiff alleges that Capital One violated the FCRA by "failing to conduct a reasonable investigation of disputed information in Mr. Smith's credit file *after he notified Capital One* of the disputed information . . . ." (Complaint, Dkt. #6, p. 7.)  This is insufficient to establish a 15 U.S.C. § 1681s-2(b) claim because a furnisher's duty to conduct a reasonable investigation is triggered by notice of a dispute from Plaintiff to a CRA, followed by the CRA providing notice of the dispute to the furnisher. *Gorman*, 584 F.3d at 1154.  Although Plaintiff alleges that he "filed an investigation" with Experian and that Capital One "sent comments/remarks" to Equifax and Transunion," Plaintiff has not expressly alleged that he submitted a dispute to the CRAs *and* that the CRAs in turn sent his dispute to Capital One, nor any facts as to what the content of his dispute to the CRAs entailed.

Furthermore, there are no allegations in the Complaint suggesting that Capital One's investigation – even if it was notified of a dispute by a CRA – was unreasonable. To the contrary, Plaintiff's Complaint suggests that a reasonable investigation occurred because it includes, as Exhibit B, a letter from Capital One to Plaintiff explaining that Plaintiff's purchase of $5.28 had a transaction date of October 17, 2020, that his statement period ended on October 19, 2020, and that the $5.28 purchase was the only unpaid balance when the statement period ended.  (*See* Complaint, Dkt. #6, p. 49.)  The letter further explains that the payment of $5.38 was made after the statement period ended and, therefore, was included in the next billing cycle.  (*Id.*)

MOTION TO DISMISS - 14
(Case No. 3:21-cv-05867-RSL)

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

Given that Plaintiff fails to allege any specific facts indicating that Capital One received notice of Plaintiff's dispute *from a credit reporting agency*, and instead contains a letter proving that Capital One investigated and responded to Plaintiff's dispute, Plaintiff's Complaint fails to sufficiently plead that Capital One failed to conduct a reasonable investigation and, therefore, fails to sufficiently plead a § 1681s-2(b) claim.

## VI. CONCLUSION

For the foregoing reasons, and given the dismissal of the First Action after Plaintiff's filing of an amended complaint, Capital One respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint with prejudice and without leave to amend.

DATED this 27th day of June, 2022.

*/s/Jesús Miguel Palomares*
Jesús Miguel Palomares, WSB No. 51858
Miller Nash LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone: (206) 624-8300
Email: jesus.palomares@millernash.com

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

MOTION TO DISMISS - 15
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4893-1397-5334.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 27th, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, and a true, correct, and complete copy was mailed to the following:

Darren Lee Smith
7650 40th St W, Apt 63
University Place, WA 98466

Pro Se Plaintiff

DATED this 27th day of June, 2022.

*s/Edgar Y. Rosales*
Edgar Y. Rosales, Legal Assistant

CERTIFICATE OF SERVICE - 1
(Case No. 3:21-cv-05867-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4854-1884-4198.1