1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN LEE SMITH,

Plaintiff,

v.

CAPITAL ONE BANK (USA),

Defendant.

Cause No. C21-5867RSL

ORDER OF DISMISSAL

This matter comes before the Court on "Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim." Dkt. # 16. Plaintiff alleges that Capital One (a) negligently reported inaccurate credit information about him and (b) failed to conduct a reasonable investigation when he disputed the report in violation of the Fair Credit Reporting Act ("FCRA"). Dkt. # 6 at 7. Plaintiff alleges that he has suffered physical injuries, emotional harm, and lost credit opportunities as a result of the incorrect reporting. *Id.* at 8-9. He seeks $1.8 million in damages for the on-going violations. *Id.* at 11. These same circumstances were the basis of claims asserted in *Smith v. Capital One Financial Corporation*, C21-5151RSL (Dkt. # 25 at 5-6). That action was dismissed without prejudice for failure to state a plausible claim for relief under 15 U.S.C. §§ 1681n or o. *Id.* at Dkt. # 40. The above-captioned matter was filed seven weeks later.

ORDER OF DISMISSAL - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Capital One seeks dismissal of the claims asserted against it in the new case, arguing that (1) there is no private right of action for "failing to assure maximum possible accuracy" against furnishers of credit information under the FCRA and (2) plaintiff has failed to plausibly allege that Capital One furnished inaccurate information to the credit reporting agencies or failed to conduct a reasonable investigation when notified of the dispute. Dkt. # 16 at 2 (quoting Dkt. # 6 at 7). Plaintiff has not opposed the motion to dismiss.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient

ORDER OF DISMISSAL - 2

to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010).

In the context of plaintiff's first lawsuit against Capital One, the Court held:

[T]he FCRA authorizes a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. §§ 1681n and o. Furnishers of information have duties imposed by § 1681s-2, including to avoid reporting known errors, to provide notice of a dispute when reporting negative information, and to investigate when a consumer reporting agency notifies it of a dispute. *See, e.g., Kianpour v. Wells Fargo Bank*, N.A., No. 17-CV-1757SJOGJSX, 2017 WL 8292776, at *5 (C.D. Cal. July 17, 2017). Sections 1681n and o do not apply, however, to violations of § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c)(1); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Thus, the only viable claim that could be asserted here is that Capital One failed to investigate after receiving notice of a dispute from the credit reporting agency. *See Vasquez-Garcia v. Trans Union de Puerto Rico*, 222 F. Supp.2d 150, 157 (D.P.R. 2002) (Congress has expressly provided consumers with private cause of action for willful or negligent violation of § 1681s-2(b)).

*Smith v. Capital One Financial Corporation*, C21-5151RSL (Dkt. # 40 at 4). That ruling is unchallenged here, and plaintiff still has not plausibly alleged a failure to investigate under § 1681s-2(b). Instead, plaintiff specifically alleges that Capital One failed "to conduct a reasonable reinvestigation of disputed information in Mr. Smith's credit file after *he* notified Capital One of the disputed information" (Dkt. # 6 at 7 (emphasis added)) and that he filed complaints with various other entities, including the Consumer Financial Protection Bureau

("CFPB"), the Washington State Attorney General, and Experian (*Id.* at 8 and 14). But the duties imposed upon a furnisher of information are triggered upon notice of a dispute *from a consumer reporting agency*, not from the consumer himself. 15 U.S.C. § 1681i(a)(2)(A) and § 1681s-2(b). Plaintiff does not allege that a credit reporting agency notified Capital One of the dispute or provide any factual allegations regarding the nature and scope of any subsequent investigation.

Plaintiff has now had three opportunities over the course of two lawsuits to allege a plausible claim under the FCRA arising from Capital One's reporting in late 2020. After initiating this second lawsuit, plaintiff declined to participate further. *See* Dkt. # 17 at 1 n.1 ("Capital One made multiple attempts, by e-mail and telephone, to meet and confer with Plaintiff Darren Lee Smith ("Plaintiff") and submit a joint status report. Plaintiff did not respond to Capital One's attempts to contact him."). For all of the foregoing reasons, Capital One's motion to dismiss (Dkt. # 16) is GRANTED: the claims asserted herein are DISMISSED with prejudice and without leave to amend. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 26th day of July, 2022.

Robert S. Lasnik
United States District Judge